## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALEXIS JOSE TROCHE,**

      **Plaintiff,**

**v.**                                                    **Case No: 8:25-cv-15-AAS**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**
_____/

### ORDER[1]

    This is an action requesting review of the determination of the Commissioner of the Social Security Administration. In accordance with the provisions of 42 U.S.C. § 405(g), the Commissioner responded to the complaint and filed a certified copy of the transcript of the record before the agency. To facilitate the prompt disposition of this case, the parties must prepare and file a brief as contemplated by Rules 6, 7, and 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

---

[1] The Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) became effective on December 1, 2022. The Federal Rules of Civil Procedure and the Local Rules also apply to this proceeding except to the extent they are inconsistent with the supplemental rules. The Standing Order on Management of Social Security Cases entered on December 7, 2021, no longer applies. The parties must review the supplemental rules to determine the governing deadlines, including the deadline to file the plaintiff's brief, the Commissioner's brief, and the plaintiff's reply brief.

## I.    Briefing Schedule

As provided by Supplemental Rule 6, the plaintiff must file and serve on the Commissioner a brief discussing the relief requested within 30 days after the transcript is filed or 30 days after entry of an order disposing of the last remaining motion filed under Rule 4(c), whichever is later. Under Supplemental Rule 7, the Commissioner must file a brief and serve it on the plaintiff within 30 days after service of the plaintiff's brief. The plaintiff may file a reply within 14 days after service of the Commissioner's brief pursuant to Supplemental Rule 8.

## II.    Briefing Format

The parties' briefs should generally contain the following sections listed below. The briefs must conform to the formatting and page limit requirements set forth in the Middle District of Florida's Local Rules. *See* M.D. Fla., Local Rules 1.08, 3.01(a), (b), (d).

### A.    Procedural History

A statement of the course of proceedings before the Social Security Administration and any previous proceedings in the federal courts, including citations to the page number(s) of the transcript or the docket number of the court file where a decision by the ALJ, the Appeals Council, or a federal court can be found.

**B.     Facts**

The parties' briefs should include a statement of the facts relevant to the issues submitted for review.

**C.     Statement of Jurisdiction**

A concise statement of the statutory or other basis of jurisdiction of this court with citations to the appropriate authority, including whether the case arises under the Social Security, Old Age, Survivors and Disability Insurance program, 42 U.S.C. §§ 401 et seq.; the Supplemental Security Income for Aged, Blind and Disabled program, 42 U.S.C. §§ 1382 et seq.; or some other program.

**D.     Standard of Review**

Because the court is familiar with the standard of review and the sequential evaluation process, the parties should avoid boilerplate discussions of the governing legal standards. A short and plain statement of the standard of review, as stated by the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit in controlling case law, is sufficient.

**E.     Statement of the Issues**

Each party must provide a numbered list of the issues presented for review.

**F.     Argument**

    **i.     Plaintiff's Brief**

The plaintiff must separately identify and frame each claim for relief. Each claim should be listed in a separate subheading and be supported by its factual basis and citation to relevant authority. Each assertion of fact must be supported by citation to the record. The court does not require extensive summaries of the record or the medical evidence—if a particular portion of the record relates to a particular claim for relief, that portion of the record should be described and argued concisely in the relevant section, along with a pinpoint citation to the record. Any legal or factual claim not supported by citation or raised in a perfunctory or conclusory manner is considered waived.

### ii.    The Commissioner's Response Brief

The Commissioner must respond to each claim for relief in sections that correspond directly to the plaintiff's claims for relief and be supported by its factual basis and citation to relevant authority. If the Commissioner fails to respond directly to a claim, the court will consider that claim unopposed. Each assertion of fact must be supported by citation to the record. The court does not require extensive summaries of the record or the medical evidence—if a particular portion of the record relates to a particular claim for relief, that portion of the record should be described and argued concisely in the relevant numbered section, along with a pinpoint citation to the record.

### iii.    Plaintiff's Reply Brief

The plaintiff's reply may only respond to legal or factual assertions in the Commissioner's response brief. The plaintiff may assert no new legal theory or claim for relief. As with the plaintiff's brief, each assertion of law or fact must be supported by pinpoint citation.

**ORDERED** in Tampa, Florida, on March 26, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

5