UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXIS JOSE TROCHE,

     **Plaintiff,**

v.                                                                                      **Case No.  8:25-cv-0015-AAS**

FRANK BISIGNANO,
**Commissioner of the Social
Security Administration,**[1]

     **Defendant.**

_____/

## ORDER

Alexis Jose Troche requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act (SSA), 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda the parties submitted, the Commissioner's decision is **REMANDED.**

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit.

1

## I.    PROCEDURAL HISTORY

Mr. Troche applied for DIB on August 10, 2021, and alleged disability beginning on October 30, 2020. (Tr. 210−16). Disability examiners denied Mr. Troche's applications initially and upon reconsideration. (Tr. 117−120, 137−139). At Mr. Troche's request, the ALJ held a hearing on March 20, 2024. (Tr. 144, 186). The ALJ issued an unfavorable decision to Mr. Troche on April 16, 2024. (Tr. 45−93). On October 28, 2024, the Appeals Council denied Mr. Troche's request for review, making the ALJ's decision final. (Tr. 7−13). Mr. Troche requests judicial review of the Commissioner's final decision. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Background

Ms. Troche was twenty-nine years old on the alleged onset date and thirty-two years old on the date of the ALJ's decision. (Tr. 60). Mr. Troche completed two years of college and has past relevant work experience as a theme park manager and patient service representative. (Tr. 235).

### B.    Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

activity,[3] he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Mr. Troche had not engaged in substantial gainful activity since October 30, 2020, the alleged onset date. (Tr. 50). The ALJ found Mr. Troche had these severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spines; trigeminal neuralgia; headaches

---

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

(migraines); fibromyalgia / lupus; obesity; and anxiety. (*Id.*). But the ALJ found none of Mr. Troche's impairments or any combination of his impairments met or medically equaled the severity of an impairment in the Listings. (Tr. 51−52).

The ALJ found Mr. Troche had the RFC to perform light work,[4] with the following additional limitations:

> [Mr. Troche] can lift 20 pounds occasionally and 10 pounds frequently. The claimant can sit three hours at one time and for a total of six hours per day. He can stand/walk three hours at one time and for a total of six hours per day. The claimant can never climb ladders/ropes/scaffolds. He can occasionally climb ramps/stairs, as well as occasionally balance, stoop, and/or crouch. The claimant can never kneel nor crawl. He can frequently reach, handle, finger, feel, push, and/or pull. The claimant can perform work that does not require exposure to humidity and wetness, pulmonary irritants, temperature extremes, vibration, loud noise, hazardous machinery, and heights. He can understand, remember, and/or carry out routine and repetitive instructions and tasks. The claimant can manage or deal with occasional changes in routine work settings or duties. He can perform work that does not require a specific production rate or pace, such as assembly lines. The claimant can have occasional interactions with the public, coworkers, and supervisors. He can maintain attention and concentration for two hours at a time, but does require the standard morning, lunch, and afternoon breaks.

(Tr. 52).

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Based on these findings and testimony of a vocational expert (VE) the ALJ determined Mr. Troche could not perform his past relevant work. (Tr. 58−59). The ALJ then determined Mr. Troche could perform other jobs existing in significant numbers in the national economy, specifically as a marker, router, and mail clerk. (Tr. 59−60). As a result, the ALJ found Mr. Troche not disabled at anytime from October 30, 2020, the alleged onset date, through April 16, 2024, the date of the ALJ's decision. (Tr. 60).

## III.  ANALYSIS

### A.  Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial

evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.   Issues on Appeal

Mr. Troche raises two issues on appeal: (1) that the ALJ did not perform the proper persuasiveness analysis required by 20 C.F.R. § 404.1520(c); and (2) that the RFC fails to account for all of Mr. Troche's impairments.

### 1. Whether the ALJ Performed the Proper Persuasiveness Analysis

Medical opinions must be evaluated for persuasiveness according to 20 C.F.R. § 404.1520c(c). This regulation requires the ALJ to consider "five factors when determining the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors that 'tend to support or contradict a medical opinion or prior administrative medical finding.'" *Kilburn v. O'Malley*, No. 6:24-CV-787-NWH, 2025 WL

3669561 at *2 (M.D. Fla. Sept. 9, 2025) (citing 20 C.F.R. § 404.1520c(c))).

Supportability and consistency are the most important factors the ALJ considers when determining the persuasive value of medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520(b)(2). The regulation explains the supportability and consistency factors as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)1, 2. The regulation requires the ALJ to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions" in making their decision. 20 C.F.R. § 404.1520c(b)2.

The ALJ may, but is not required to, explain how the ALJ considered the remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well supported and consistent with the record, but not identical. 20 C.F.R. § 404.1520c(b)2, 3. The ALJ will consider one or more medical opinions or prior administrative medical findings from the same medical source together using the above factors, and the ALJ need not articulate how he or she considered

each opinion or finding. 20 C.F.R. § 404.1520c(b)(1).

Mr. Troche argues the ALJ failed to undertake the analysis as required by the regulation because the ALJ failed to address supportability and consistency in addressing the medical opinions and prior administrative findings. (Doc. 20, pp. 7−8). Specifically, Mr. Troche argues the ALJ erred in evaluating Milan Patel M.D.'s medical opinion, Frank Walker M.D.'s and Gina Morgan-Smith M.D.'s medical opinion, and Steven Goldstein M.D.'s medical opinion. (*See* Doc. 20, pp. 7−8; Doc. 22, pp. 1−5). The Commissioner disagrees and argues the ALJ properly considered the opinion evidence. (Doc. 21, p. 10−14).

Dr. Patel opined "that the claimant could lift nor carry no weights whatsoever." (Tr. 57, 1956). Dr. Patel's further opined as to "considerable workplace functional limitations as well such as believing Mr. Troche could "stand or walk just five minutes within an eight-hour workday," "could sit for just one hour in an eight-hour workday," and required a cane to assist with movement. (Tr. 57, 1957). First, Mr. Troche argues the ALJ failed to assess the consistency and supportability of Dr. Patel's medical opinion. (Doc. 20, pp. 7−8). Mr. Troche is correct.

The ALJ did not adequately articulate a proper persuasiveness analysis as required by the regulation. *See Stephenson v. Comm'r of Soc. Sec.*, No. 6:21-CV-1536-DCI, 2023 WL 2305967 at *2 (M.D. Fla. Mar. 1, 2023) ("While an ALJ

us not required to use any magic words when considering supportability and consistency . . . an ALJ must provide more than conclusory references to the record") (internal quotation and citation omitted). In considering Dr. Patel's medical opinion, the ALJ summarized Dr. Patel's positions and concluded Dr. Patel's opinion is:

> inconsistent with the accompanying medical evidence from the likes of Dr. Albaugh, Dr. Friedman, Dr. Orlova, Dr. Maduagwu, physician's assistant Contreras, Dr. Valladares, etc. These providers, as described above, generally identified many normal clinical signs/findings throughout the period at issue. As intimated above, Dr. Patel's projections may also be influenced by the fact the claimant had recently undergone his second back surgery. His abilities then recorded by Dr. Patel may not reasonably continue on beyond the recovery period. Indeed, the claimant has submitted little to no evidence showing that many of the aforementioned treating providers have continued to show the same problems. Simply put, the opinion from Dr. Patel at Exhibit B37F is neither well-supported, nor consistent with the record. It is unpersuasive.

(Tr. 58). "While [the ALJ's] consideration of this opinion appears to track the new regulations' requirements in that the ALJ discussed both supportability and consistency, his stated reasons for finding a lack of consistency [and supportability] are not supported by substantial evidence." *Lennon v. Comm'r of Soc. Sec.*, No. 8:22-CV-1209-JSM-JSS, 2023 WL 3570979 at *4 (M.D. Fla. May 3, 2023), *report and recommendation adopted*, No. 8:22-CV-1209-JSM-JSS, 2023 WL 3568601 (M.D. Fla. May 18, 2023).

Specifically, the ALJ's discussion regarding consistency frustrates the court's review because it only references "accompanying medical evidence"

9

from multiple physicians; it does not pinpoint any of the "many normal clinical signs/findings," which are allegedly inconsistent with Dr. Patel's opinion. The Commissioner argues that the ALJ noted William Friedman M.D.'s and Juan Valladares, D.O.'s normal finding clinical findings earlier in the decision. (Doc. 21, pp. 10–11). Although the ALJ notes Dr. Friedman's and Dr. Valladares's normal findings (Tr. 54–56, 661–62, 1614–17), the ALJ does not sufficiently identify and discuss the findings in relation to the consistency of Dr. Patel's opinion. The ALJ's generalized statement leaves the court "to guess at which particular records the ALJ asserts support the ALJ's decision and, in doing so, impermissibly reweigh the evidence." *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-CV-01515-RBD-DCI, 2020 WL 1957597 at \*4 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted*, No. 6:19-CV-1515-ORL-37DCI, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020); *see Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104–05 (11th Cir. 2021) ("It is the responsibility of the agency, not the reviewing court, to supply the justification for its decision and to sufficiently explain the weight [it] has given to obviously probative exhibits.") (internal quotation and citation omitted)).

Further, the ALJ provides no analysis regarding the supportability factor because the ALJ merely states Dr. Patel's opinion is not well supported. "Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion." *Tookes v. Comm'r of Soc. Sec.*,

10

No. 6:21-CV-1159-DCI, 2022 WL 1665447 at *2 (M.D. Fla. May 25, 2022). The ALJ's finding regarding Dr. Patel's opinion does not comply with the regulation and therefore the decision is not supported by substantial evidence.

Second, Mr. Troche argues the ALJ failed to properly weigh the medical opinions of the state agency consultants, Dr. Walker and Dr. Morgan-Smith, because the ALJ did not discuss supportability or consistency. (Doc. 20, p. 8). Dr. Walker and Dr. Morgan-Smith "each opined that the claimant was capable of performing a reduced range of light work activities." (Tr. 58, 98–100, 110–12). The ALJ did not find the state agency consultants' opinions "all that persuasive given the fact there is additional evidence in the file since the State agency assessments. Their opinions also appear to be a tad optimistic and do not consider, for instance, the significance of the combined effects of all medically determinable physical impairments, including the obesity." (Tr. 58).

The ALJ adequately discussed the consistency of the opinions because the ALJ determined the state agency consultants did not consider the significance of the combined effects of all medically determinable physical impairments, including the obesity. *See Tookes*, 2022 WL 1665447 at *2 ("consistency relates to the relationship between a medical source's opinion and other evidence within the record."). However, the ALJ failed to assess the supportability of the opinions because the ALJ did not articulate "the extent to which [the] medical source has articulated support for the medical source's own

11

opinion." *Id.* Accordingly, the ALJ's analysis does not comply with the regulation and therefore the decision is not supported by substantial evidence.

Third, Mr. Troche argues the ALJ failed to properly weigh the evidence of Dr. Goldstein because the ALJ did not discuss the consistency of the opinion. (Doc. 20, p. 8). Dr. Goldstein opined "the claimant had no listings-level condition . . . [and] suggested . . . the claimant could perform the equivalent of light work, with the ability to sit and stand/walk three hours at a time and for six hours, each, in an eight-hour workday." (Tr. 58, 1635−43). The ALJ summarized Dr. Goldstein's opinion and found the opinion "somewhat persuasive" despite being "not all that well-supported with much of an explanation as to why the claimant is so limited." (Tr. 58). Other than stating Dr. Goldstein's opinion cannot go ignored because Dr. Goldstein reviewed the most evidence, the ALJ fails to articulate the relationship between the medical source's opinion and other evidence within the record. *See Simon*, 7 F.4th 1094, 1104−05 (11th Cir. 2021) ("It is the responsibility of the agency, not the reviewing court, to supply the justification for its decision and to sufficiently explain the weight [it] has given to obviously probative exhibits.") (internal quotation and citation omitted)). Therefore, the ALJ failed to comply with the regulation when considering Dr. Goldstein's opinion and the decision is not supported by substantial evidence.

### 2. Remaining Issues

Because remand is appropriate on the issue of whether the ALJ erred in her consideration of Dr. Patel's, Dr. Walker and Dr. Morgan-Smiths', and Dr. Goldstein's medical opinions, the court declines to address Mr. Troche's other arguments against the ALJ's evaluation of Mr. Troche relating to the RFC determination. *See, e.g., Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address the plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the further proceedings); *Francis v. Saul*, No. 8:18-CV-2492-T-SPF, 2020 WL 1227589, at *4 (M.D. Fla. Mar. 13, 2020) (holding that the plaintiff's remaining issues need not be addressed because the case is being remanded to the Commissioner).

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment in favor of the plaintiff.

**ORDERED** in Tampa, Florida, on February 5, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

14